UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.

DANIEL KRULL,

        Defendant.

16-CR-154-LJV
DECISION & ORDER

---

On March 29, 2017, this Court sentenced the defendant, Daniel Krull, to a term of 324 months of imprisonment for distributing child pornography following a prior conviction under New York law for possessing a sexual performance of a child.  *See* Docket Item 26 at 1-2.  The parties' plea agreement calculated Krull's United States Sentencing Guidelines ("USSG" or "Guidelines") range as being 292 to 365 months' imprisonment based on a total offense level of 39 and a criminal history category of II.  Docket Item 8 at ¶ 15.  The Presentence Investigation Report ("PSR"), however, found Krull to be in criminal history category III, resulting in a Guidelines range of 324 to 405 months.  Docket Item 23 at ¶ 79.  The Court agreed with the PSR's calculation.  *See* Docket Item 28 at 1.

In May 2023, the United States Sentencing Commission submitted to Congress an amendment to the Guidelines regarding the calculation of certain defendants' criminal history points.  As relevant here, the amendment reduced the offense level calculation for certain defendants by eliminating or reducing the status points assigned under USSG §4A1.1(d), resulting in a lower Guidelines range.  On August 24, 2023, the

Sentencing Commission voted to apply the amendment retroactively, with an effective date of February 1, 2024, and on November 1, 2023, the amendment took effect.

On January 5, 2024, Krull moved under 18 U.S.C. § 3582(c)(2) to reduce his sentence.  Docket Item 29.  In that motion, Krull calculates his new Guidelines range as 292 to 365 months and asks the Court to "issue an Amended Judgment sentencing him to a period of incarceration consistent with the new sentencing range."  *Id.* at 1-2.

Several weeks later, the United States Probation Office filed an Abbreviated Supplemental Presentence Report ("Supplemental PSR"), likewise computing Krull's Guidelines range under the November 2023 amendment as 292 to 365 months.  Docket Item 31 at 1.  The Supplemental PSR states that "[e]ffective February 1, 2024, the defendant will have served approximately 88 months and 24 days" and that "[h]e has earned 378 days of good time credit thus far."  *Id.*  According to the Supplemental PSR, "the defendant's projected release date (without regard to the current motion for a sentence reduction) is September 12, 2039."  *Id.*

Two weeks later, the government responded.  Docket Item 32.  The government acknowledges that Krull "is eligible for a reduction" but argues that "he does not deserve any such reduction given the seriousness of his offense and the danger he poses to children."  *Id.* at 1.

On February 26, 2024, Krull replied.  Docket Item 33.  He notes that "[t]he government points to the conduct underlying the instant offense and a prior offense in support of the argument against a reduction."  *Id.* at 2.  "But," Krull observes, "these facts were known to the Court at the time of the sentencing hearing—indeed, the government cites to nothing that wasn't considered by the Court when it imposed its

original sentence, a guidelines sentence at the low end of the then-applicable range."
*Id.*

Moreover, Krull notes, his post-sentencing conduct weighs in favor of a reduction. He "has been incarcerated for more than seven years and has been a model inmate." *Id.* at 2-3. "He has not had any disciplinary infractions, earning all of his good behavior credit," and he has "taken advantage of programming offered at his facility." *Id.* at 3. Thus, Krull says, "[t]he only factors that have changed since his original sentencing are the sentencing guidelines range and [his] spotless good behavior while serving his sentence." *Id.* As such, he asks this Court to reduce his sentence to the low-end of the new range: 292 months. *Id.*

The parties agree that Krull's Guidelines range of imprisonment is now 292 to 365 months. This Court concurs with that assessment. So the Court must weigh the section 3553(a) factors to determine what sentence it would have imposed had Krull's Guidelines range been 292 to 365 months at the time of sentencing.

This Court found at the time of sentencing that, based on the section 3553(a) factors, a sentence at the low end of the applicable Guidelines range was appropriate. But the Court also gave considerable weight to the Guidelines range computed in the plea agreement—that is, 292 to 365 months, the same Guidelines range that applies now. Therefore, while the Court agrees that Krull is entitled to a reduction in his sentence, given the gravity of the offense, the need to protect the public, and the other section 3553(a) factors, the Court finds that a reduction to the bottom of the new range is not warranted. Instead, this Court finds that a more modest reduction to 312 months'

imprisonment appropriately balances the relevant sentencing factors, including the new Guidelines range.

Accordingly, this Court hereby GRANTS Krull's motion in part, Docket Item 29, and ORDERS that his sentence be reduced to 312 months' imprisonment. The Court will issue an amended judgment.

SO ORDERED.

Dated:   July 10, 2024
          Buffalo, New York

                                          */s/ Lawrence J. Vilardo*
                                          LAWRENCE J. VILARDO
                                          UNITED STATES DISTRICT JUDGE